IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROBERT CASON, :
    *Plaintiff*, :
   :
v. : CIVIL ACTION NO. 20-CV-4695
   :
RHUEL A. JOHNSTON, :
    *Defendant*. :

### MEMORANDUM

**PAPPERT, J.**                                                                                      **DECEMBER** 17**, 2020**

      Plaintiff Robert Cason, proceeding *pro se*, filed the instant civil action against Rhuel A. Johnston seeking review of an adverse state court judgment. He seeks leave to proceed *in forma pauperis*. (ECF No. 7.) For the following reasons, the Court will grant Cason leave to proceed *in forma pauperis* and dismiss this case for lack of jurisdiction.

I

      Cason's "Complaint" in this case is titled "Notice of Appeal" and lists dockets of litigation in Pennsylvania's trial and appellate courts. (ECF No. 1 at 1.)[1] The Complaint, which is structured like an appellate brief, describes various errors the state courts allegedly committed in their handling of Cason's lawsuit against Johnston. The underlying litigation was initially settled, but Cason alleges that Johnston breached the settlement agreement. (*Id.* at 4-5.) Cason then filed a motion in the Philadelphia Court of Common Pleas to reinstate his complaint. (*Id.* at 5.) The court

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

denied Cason's motion after a hearing. (*Id.*)  Cason unsuccessfully moved for reconsideration and then appealed. (*Id.*)

The Pennsylvania Superior Court quashed Cason's appeal as untimely. (*Id.* at 7.)  Cason believes this was erroneous and moved for reconsideration, which was denied. (*Id.*)  He filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which was also denied. (*Id.*)  Cason argues that this Court should review and reverse the state courts' decisions because they were erroneous in various respects. (*Id.* at 8-16.)

After filing his initial "Notice of Appeal," which the Court treated as a Complaint, Cason filed a second "Notice of Appeal." (ECF No. 6.)  This submission cites the same state court dockets for Cason's litigation against Johnston. (*Id.* at 1.)  Cason again argues that the state courts' rulings on his motion and appeals were erroneous. He also alleges that the erroneous rulings violated his constitutional rights in various respects. (*Id.* at 3.)  Cason attached filings from the state court litigation as exhibits. (*Id.* at 20-36.)

## II

The Court will grant Cason leave to proceed *in forma pauperis* because it appears that he is not capable of pre-paying the fees to commence this civil action. Because Cason has been granted leave to proceed *in forma pauperis*, § 1915(e)(2)(B) requires the Court to dismiss the Complaint if it is frivolous, malicious, fails to state a claim, or seeks relief from an immune defendant.  Additionally, the Court must review the Complaint and dismiss the matter if it determines that subject matter jurisdiction is lacking.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it

lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*").  A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction.  *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence.") (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)).

III

Pursuant to the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). Based on that principle, the *Rooker-Feldman* doctrine deprives a federal district court of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 166 (quotations omitted).  "[T]here are four requirements that must be met for the *Rooker-Feldman* doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Id.*

Cason lost in state court prior to filing his Complaint.  He claims that the state court's judgment denying his motion to reinstate his case was erroneous and asks this

Court to review and reject that judgment. Indeed, Cason explicitly seeks to appeal to this Court for review and rejection of the state courts' rulings. As it is apparent that Cason's lawsuit is, in fact, an improper appeal of an adverse state court judgment, the Court lacks jurisdiction over this case.[2]

IV

For the foregoing reasons, the Court will grant Cason leave to proceed *in forma pauperis* and dismiss this case without prejudice for lack of subject matter jurisdiction. As Cason cannot cure the defect in his Complaint, the Court concludes that amendment would be futile. An appropriate Order follows.

**BY THE COURT:**

*/s/ Gerald J. Pappert*
**GERALD J. PAPPERT, J.**

---

[2] To the extent Cason's submissions could be liberally construed as raising claims that are not precluded by the *Rooker-Feldman* doctrine, he has not articulated a plausible basis for any claim against Johnston that falls within the Court's subject matter jurisdiction.